BETTY ELLIOTT JOSEY v. JERRY ONVELL JOSEY.

(Filed 29 November, 1967.)

**Divorce and Alimony § 18—**

In an action for alimony without divorce, the refusal of the court to consider defendant's affidavit, filed before time for answer had expired, which affidavit related to his financial ability to make payments, denied defendant his right to be heard on the issue of his ability to pay *pendente* allowances, and the order awarding compensation to plaintiff is vacated and the cause remanded for further hearing.

APPEAL by defendant from *McLaughlin, J.,* from in-chambers orders of March 4 and 11, 1967.

The plaintiff wife instituted this civil action against the defendant husband for custody of their three children, aged 10, 8 and 4 years, for permanent alimony without divorce and an allowance for the children. The action was instituted and a verified complaint filed on February 24, 1967. On that day, notice was served on defendant that plaintiff would move before the Court on March 4, 1967 for *pendente* allowances.

The court's order recites:

"Upon consideration of the verified complaint . . . and the affidavits filed by both the plaintiff and the defendant, the court announced . . . that the plaintiff was entitled to the temporary relief sought and suggested to counsel for plaintiff and defendant that they negotiate and see if an amount could be agreed upon . . . and that the matter would be left open until 10:00 o'clock a.m., Saturday, March 11, 1967. . . ."

\*     \*     \*

And it appearing to the court on Saturday, March 11, 1967 . . . that they (counsel) had been unable to reach an agreement as to an amount to be entered as a temporary allowance . . ."

The Court refused to consider the defendant's affidavit filed on 3/10/67 (apparently bearing on his financial ability to make payments). The Court ordered the defendant to turn over the dwelling house to the plaintiff. The order required the defendant to pay $117 per month due on the house and to pay the plaintiff $200 per month for herself and the children, pending the final hearing.

The defendant gave notice of appeal. The Court ordered a *supersedeas* bond in the sum of $3,000, conditioned upon the defendant's making the payments according to the order. The defendant excepted and appealed.

JOSEY v. JOSEY.

*Raymer, Raymer & Lewis by Douglas G. Eisele for defendant appellant.*
*Battley and Frank by Jay F. Frank for plaintiff appellee.*

PER CURIAM. The defendant contends the Court committed error in refusing to consider his affidavit filed "3/10/67" bearing on his ability to pay alimony. When the hearing was held on March 4, the Court announced the plaintiff was entitled to relief and continued the hearing for one week for counsel to reach an agreement, if possible, as to the amount of temporary payments. The Court's order recited: ". . . (T)he matter will be left open until 10:00 o'clock a.m., . . . March 11, 1967." At that time the defendant had not filed answer. The attorneys were unable to agree. The defendant, on the day before the hearing, filed an affidavit apparently disclosing matters relating to his ability to pay alimony and support. The Court refused to consider the affidavit on the ground it was not before it on March 4, notwithstanding the Court's order that the matter should remain open until March 11.

In preparing the case on appeal, the defendant included his affidavit which the Court refused to consider. The plaintiff filed exception to the case on appeal and objection to the inclusion of the affidavit. In settling the case on appeal, the Court deleted the affidavit and the record comes here without it.

At the time of the hearing on March 4, the defendant had not answered. His time to answer had not expired. The order of that date left the matter "open" until March 11. On March 10, the defendant, still with time to answer, filed his affidavit which the Court refused to consider and which the Court ordered stricken from the case on appeal. This Court is denied the opportunity to consider the affidavit on the question whether the defendant is able to meet the payments required by the Court's order. We do not know what bearing it may have on that material question. The defendant is entitled to be heard on the issue of his ability to pay and it does not appear that he has been fully heard. In this state of the record, it becomes necessary for us to vacate the order awarding compensation and to remand the cause to the Superior Court for further hearing and the fixing of payments in accordance with the needs of the plaintiff and her children and the ability of the defendant to meet those needs.

The order from which this appeal is taken is vacated and the cause is remanded for further hearing.

Remanded with directions.